[620 NYS2d 631]

In the Matter of PETER J. PECORARO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 23, 1994

### APPEARANCES OF COUNSEL

*Roderick Quebral,* Buffalo, for petitioner.

*Terrence M. Connors,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on July

9, 1975 and maintains an office for the practice of law in Erie County. The Grievance Committee filed a petition containing two charges of professional misconduct relating to his management of the funds of an estate and alleging misuse of three trust accounts. Respondent's answer denied material allegations of the petition and a Referee was appointed to conduct a trial on the issues of fact raised by the pleadings. Both petitioner and respondent have moved to confirm in part, and disaffirm in part, the report of the Referee. (Although respondent's cross motion also requested that the evidentiary hearing be reopened or, alternatively, that the record be supplemented, that portion of the cross motion was withdrawn during respondent's final appearance before this Court.)

The Referee found that respondent failed to maintain client funds in a trust account or special account, that he commingled his personal funds with client funds, that he converted client funds, that he failed to maintain appropriate records regarding client funds, and that he prepared and filed an accounting with Surrogate's Court misrepresenting the status of the executor's account.

We confirm the report of the Referee and conclude that respondent has violated the following provisions of the Code of Professional Responsibility, effective September 1, 1990: DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—by engaging in conduct involving fraud, dishonesty and misrepresentation;

DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [7])—by engaging in conduct adversely reflecting on his fitness to practice law;

DR 9-102 (A) (22 NYCRR 1200.46 [a]; formerly 22 NYCRR 1022.5 [a])—by commingling client funds with his own;

DR 9-102 (D) (22 NYCRR 1200.46 [d]; formerly 22 NYCRR 1022.5 [b])—by failing to maintain complete and accurate records of clients' funds; and

DR 9-102 (E) (22 NYCRR 1200.46 [e])—by issuing checks payable to cash from his attorney trust account.

After considering the matters in mitigation submitted by respondent, we conclude that respondent should be suspended for two years and until further order of this Court.

PINE, J. P., BALIO, LAWTON, DAVIS and BOEHM, JJ., concur.

Order of suspension entered.